UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICHARD R. PEREZ and EILEEN M. PEREZ**                    **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO.1:06CV402 LTS-RHW**

**ALLSTATE INSURANCE COMPANY;**
**AUDUBON INSURANCE COMPANY; ROBERT H. DEAN;**
**CROWLEY LINER SERVICES, INC.; SOUTH TRUST BANK;**
**and MTC 5393**                                           **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Plaintiff Richard R. Perez (Perez) and Eileen M. Perez's motion [14] to remand. For the reasons set out below, this motion will be granted.

This is an action for property damage sustained during Hurricane Katrina. Plaintiffs are the named insureds under two insurance policies, a homeowners policy issued by Defendant Allstate Insurance Company (Allstate) and a wind insurance policy issued by Defendant Audubon Insurance Company (Audubon) through the Mississippi Wind Pool. Plaintiffs allegedly renewed these policies in the late Spring or early Summer of 2005 through a local insurance agent, Defendant Robert H. Dean (Dean).

This action was originally filed in the Circuit Court of Harrison County, Mississippi, and was removed on grounds of diversity of citizenship. The removing defendant, Allstate, alleges that Dean has been fraudulently joined as a defendant and that his citizenship may therefore be disregarded for purposes of establishing this Court's subject matter jurisdiction. Both Plaintiffs and Dean are resident citizens of Mississippi. If Dean has been properly joined as a party defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

During Hurricane Katrina, the plaintiffs' property sustained substantial damage allegedly from the hurricane winds, from the storm surge flooding, and from the impact of the barge MTC 5393. Plaintiffs allege that the barge was negligently secured and negligently left at its moorings during the time leading up to the storm. Allstate and Audubon denied coverage for the plaintiffs' losses on the grounds that the damage to the plaintiffs' property was caused by flooding and were excluded losses under the Allstate homeowners policy and under the Audubon wind policy. The barge operator also denied liability, and this action ensued.

On May 26, 2006, Defendants South Trust Bank and the owners of the barge filed an action in admiralty seeking exoneration from or limitation of liability under applicable federal statutes, *In the Matter of South Trust Bank, et al.*, Civil Action No. 1:06cv544 LG-JMR.  This case was stayed by the filing of the limitation action.  By order entered on January 23, 2007, the plaintiffs' claims against the barge and its owners and operators was dismissed in the limitation action.  Thus, this action is now between the plaintiffs, the insurers (Allstate and Audubon) and the local agent, Dean, and the stay in the limitation action no longer applies.

The removal of this action was premised on the contention that the plaintiffs have not stated a valid theory of liability to support their claim against the local defendant, Dean.  The plaintiffs and Dean share Mississippi citizenship and residence status, and if the plaintiffs have stated a legitimate cause of action against Dean this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

In the context of the removal of actions from state courts, misjoinder is an issue on which Allstate, as the removing defendant, has the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Allstate's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).  Where, as here, the affidavits of the parties are in direct conflict, there is a genuine issue of material fact which must be resolved in favor of the plaintiffs in considering the merits of a motion to remand.  Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

Allegations of the Complaint and the Parties' Affidavits

Plaintiff has alleged that he had a number of conversations with Dean and employees of his agency during the four months leading up to Hurricane Katrina.  Dean was a new agent as far as the plaintiffs policies were concerned.  The agent from whom the plaintiffs purchased their insurance policies had retired and was replaced by Dean.  During the alleged conversations between Perez and Dean, all of which were done over the telephone, Perez asserts that Dean specifically advised him not to purchase flood insurance for his property but instead to increase his wind coverage through Audubon.  Perez asserts that this advice amounts to a negligent misrepresentation on the part of Dean; that he (Perez) reasonably relied upon Dean's advice; and that he suffered financial damage as a result of that reliance.  Perez has submitted his affidavit in support of these allegations against Dean.

Dean flatly denies Perez's allegations. Dean's affidavit asserts that he never discussed the plaintiffs' insurance needs with them at any time before Hurricane Katrina and that he (Dean) never advised the plaintiffs that they did not need flood insurance. These diametrically opposed affidavits create a genuine issue of material fact as far as these conversations are concerned. The substance of these affidavits are sufficient to defeat a motion for summary judgment in favor of Dean.

Perez's affidavit, submitted in support of his motion to remand, specifically states, that he (Perez) discussed increasing his insurance coverage with Defendant Dean before the start of the 2005 hurricane season. Perez affirms that when he "asked about flood insurance," Dean "asked me if I was in a flood area and if my house had ever flooded before. I explained that I was in flood zone C as per my property survey and to the best of my knowledge, the house had never flooded before. He went on to explain that flood insurance was a federal program, which was required by lenders for houses in flood zones. He reiterated and emphasized that I should really consider increasing my wind insurance ASAP because it was more important than flood since I never flooded and with the start of hurricane season."

Perez contends that this was a representation by Dean that the plaintiffs were more in need of additional wind coverage than flood coverage and that the plaintiffs did not purchase flood insurance based on Dean's statements. Perez contends that the representation he claims Dean made to him, that he should purchase additional wind insurance rather than flood insurance, amounts to a negligent misrepresentation. Perez contends that he reasonably relied on this misrepresentation to his financial detriment.

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

## Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;

3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). I cannot say, as a matter of law, based on the record now before me, that Perez will be unable to establish a cause of action against Dean.

Of course, the truth of Perez's allegations and the truth of Dean's direct contradiction of those allegations; the circumstances in which the events in question transpired; the question whether flood coverage was discussed and the reasons for the plaintiffs' ultimate decision not to purchase flood insurance; and the issue of whether Perez reasonably relied upon the statements Dean allegedly made are among the questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. Even the question of whether Dean's statements are properly considered to be representations of fact is an open question at this point. These are questions of state law (and mixed questions of law and fact) on which the plaintiffs are entitled to the benefit of the doubt at this juncture. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

For the purpose of deciding whether there has been a fraudulent joinder, Perez's allegations must be accepted as true, even though these allegations are directly contradicted by Dean's affidavit; the plaintiffs must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor. Without venturing any opinion on the merits of the plaintiffs' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Dean and Allstate have failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Dean under the plaintiffs' version of events. The opposing affidavits of the parties establish the existence of a genuine issue of material fact concerning all aspects of the alleged conversation between Perez and Dean.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

**Decided** this 23rd day of March, 2007.

<u>s/ L. T. Senter, Jr.</u>
L. T. SENTER, JR.
SENIOR JUDGE