UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**RICHARD R. PEREZ and EILEEN M. PEREZ**                     **PLAINTIFFS**


**V.**                                   **CIVIL ACTION NO.1:06CV402 LTS-RHW**


**ALLSTATE INSURANCE COMPANY;**
**AUDUBON INSURANCE COMPANY; ROBERT H. DEAN;**
**CROWLEY LINER SERVICES, INC.; SOUTH TRUST BANK;**
**and MTC 539B**                                   **DEFENDANTS**


OPINION AND ORDER
ON MOTION TO CLARIFY MEMORANDUM OPINION
and ON MOTION FOR AWARD OF ATTORNEYS' FEES

The Court has before it the motion [31] of Crowley Liner Service (Crowley) for clarification of the Memorandum Opinion [28] entered in this case on March 28, 2007. The Court also has before it the motion [29] of the plaintiffs for an award of attorneys' fees in connection with the removal of this action.  For the reasons set out below, the motion for clarification will be granted, and the motion for an award of attorneys' fees will be denied.

This action was originally filed in state court, and the Memorandum Opinion [28] entered on March 28, 2007, set out the reason the plaintiffs' motion to remand the case was granted.  Crowley seeks clarification of the following underlined portion of this paragraph in this Memorandum Opinion:

*On May 26, 2006, Defendants South Trust Bank and the owners of the barge filed an action in admiralty seeking exoneration from or limitation of liability under applicable federal statutes, In the Matter of South Trust Bank, et al., Civil Action No. 1:06cv544 LG-JMR.  This case was stayed by the filing of the limitation action.  By order entered on January 23, 2007, the plaintiffs' claims against the barge and its owners and operators was [sic] dismissed in the limitation action.  Thus, this action is now between the plaintiffs, the insurers (Allstate and Audubon) and the local agent, Dean, and the stay in the limitation action no longer applies.*

The motion for clarification is well taken and will be granted.  In addition to the parties named in the original opinion, Crowley remains a party to this action after remand.  The order of dismissal in the limitation action limits the plaintiffs' claims against Crowley to the proportion of fault that may be established in this action following

remand.  Crowley's right to seek contribution and indemnity from the limitation defendants has been preserved by subsequent order [42] of the Court in the limitation proceeding.

The action seeking exoneration from or limitation of liability, *In the Matter of South Trust Bank*, et al., Civil Action No. 1:06cv544 LG-JMR (the limitation action) named only three claimants: Plaintiff Eileen Perez, Plaintiff Richard Perez, and Crowley. Plaintiffs filed their claim and answer in the limitation action on September 12, 2006, alleging essentially the same cause of action against South Trust Bank (South Trust) and Barge MTC539B (the barge) that was framed against these parties in the state court complaint in this action. Crowley also filed its claim and answer in the limitation action.  Crowley's claim in the limitation action was based on its assertion or a right to contribution or indemnity from South Trust and the barge with respect to the damage to the Perezes' property.

By order [42] entered on July 20, 2007, District Judge Guirola stayed the limitation action until Crowley's claim for contribution or indemnity is ripe for adjudication.  When Crowley's claim is ripe for adjudication, Crowley has been granted the right under this order to file its motion to reopen the limitation action.

The order [28] of dismissal of the plaintiffs' claims in the limitation action states that the Perezes' claims against SouthTrust Bank;  Wachovia Bank, N.A.; Marquette Transportation Company, Inc.; AEP MEMCO L.L.C. d/b/a MEMCO Barge Line; and Barge MTC 539B were dismissed with prejudice.  A dismissal of these claims with prejudice acts as a bar to future litigation of the Perez1:06cves' claims against these parties in any forum.  Thus, the plaintiffs may not proceed in state court against any of these parties.

The dismissal of the plaintiffs' claims in the limitation action did not affect the stay imposed by Judge Guirola; the dismissal of the plaintiffs' claims against the limitation parties merely made the stay inapplicable to the plaintiffs' efforts to litigate their claims against the remaining defendants: Allstate Insurance Company, Audubon Insurance Company, Robert H. Dean, and Crowley Liner Service.  Should the plaintiffs prevail on their claims against Crowley, Crowley has the right to return to the limitation court and reopen the limitation proceeding to make its claims for contribution and indemnity against SouthTrust Bank;  Wachovia Bank, N.A.; Marquette Transportation Company, Inc.; AEP MEMCO L.L.C. d/b/a MEMCO Barge Line; and Barge MTC 539B.

Since this case has been remanded, I no longer have subject matter jurisdiction of this proceeding.  If Crowley is correct in its contention that it should be dismissed from this action, it will be necessary to apply to the Court that now has subject matter jurisdiction of this action, the Circuit Court of Harrison County, Mississippi, to obtain an order of dismissal.

I see no grounds for an award of attorneys fees based on a claim of wrongful removal.  The removing parties had reasonable grounds to proceed with removal even though removal was ultimately determined to be improper.

Accordingly, it is

**ORDERED**

That the motion [31] of Crowley Liner Service for clarification of the Court's Memorandum Opinion [28] entered March 28, 2007, is hereby **GRANTED**; and

That the motion of the plaintiffs' for an award of attorneys' fees is hereby **DENIED**.

**SO ORDERED** this 10th day of March, 2008.

s/ <u>L. T. Senter, Jr.</u>
L. T. SENTER, JR.
SENIOR JUDGE